UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GABRIEL ESPINOZA,

Plaintiff,

-against-

CITY OF NEW YORK, GERARDO PERRONE, Individually,
JASON LOESCH, Individually, SEAN RIKER, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 1374
(ILG) (MDG)

<u>Jury Trial Demanded</u>

Plaintiff GABRIEL ESPINOZA, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

<u>**JURISDICTION**</u>

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff GABRIEL ESPINOZA is a thirty-eight year old resident of the State of New York, County of Queens.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants GERARDO PERRONE, JASON LOESCH, SEAN RIKER, and JOHN and JANE DOE 1 through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    On December 17, 2011, at approximately 4:00 a.m., defendant officer GERARDO PERRONE, without cause or justification, forcefully removed plaintiff from a motor vehicle which was parked in front of the NYPD's 103rd precinct stationhouse, located at 168-02 P.O. Edward Byrne Ave., Queens, New York.

13.    After forcefully removing plaintiff from the vehicle, GERARDO PERRONE slammed plaintiff against the rear side of the car, swore at plaintiff, and struck plaintiff in the head with his hand.

14.    Two defendant officers, believed to be GERARDO PERRONE and SEAN RIKER, forcefully turned plaintiff around and placed handcuffs on plaintiff's wrists.

15.    While handcuffing plaintiff, one of the defendant officer pushed plaintiff's head, causing his head to strike the vehicle.

16.    The officers continued to swear at plaintiff and at least one officer stated in sum and substance: shut the fuck up spic.

17.    Defendant GERARDO PERRONE then grabbed plaintiff and threw him onto the 103rd Precinct steps, while plaintiff was still rear cuffed.

18.    Plaintiff landed face first, striking the left side of his face and right knee on the steps.

19.    While plaintiff was lying on the steps, officers including but not limited to GERARDO PERRONE, JASON LOESCH, SEAN RIKER, and JOHN DOE 1, and possibly

3

other defendant officers, participated in further assaulting and battering plaintiff, causing him serious physical injuries.

20.     Plaintiff felt multiple strikes to his head and ribs with what felt like fists, kicks to his legs, and strikes to his left side with felt like an ASP tactical baton or other hard object.

21.     Thereafter, the defendant officers improperly and maliciously lifted plaintiff off the ground by lifting his arms, which were still handcuffed behind his back.

22.     As a result, plaintiff sustained injuries to his shoulders.

23.     The defendant officers then brought plaintiff into the precinct and imprisoned him while rear handcuffed in a cell for approximately thirty or more minutes.

24.     The defendant officers summoned an ambulance to the precinct, which transported plaintiff to Queens Hospital Center.

25.     Plaintiff remained handcuffed during his transport to the hospital.

26.     Once plaintiff arrived at the hospital, his handcuffs were removed, and plaintiff was left at the hospital for treatment.

27.     Plaintiff was released from custody without being charged with violating any crimes or offenses.

28.     At Queen Hospital Center, plaintiff was diagnosed with serious injuries, including but not limited to, a non-displaced, left temporal bone fracture with intracranial hemorrhage, as well as an abrasion to plaintiff's left check, a contusion to his right cheek, and abrasions to both knees.

29.     Plaintiff was admitted into the hospital for two days for monitoring of his head injury.  Plaintiff was discharged on December 19, 2011.

4

30.     Plaintiff returned to Queens Hospital Center on December 28, 2011, due to continued headaches, dizziness, nausea, and rectal bleeding.  Plaintiff was diagnosed with serious injuries including, but not limited to, post-concussion syndrome, and acute post-traumatic headache.  Plaintiff was discharged from the hospital on December 30, 2011.

31.     Plaintiff sought orthopedic treatment for continuing pain to his shoulders and right knee on March 28, 2012.

32.     Plaintiff thereafter underwent MRIs of his shoulders and knee which revealed a right shoulder superior labrum, anterior to posterior tear, a left shoulder anterior labrum tear and partial thickness tear of the supraspinatus tendon, and a right knee full thickness chondral defect involving the patella.

33.     Plaintiff underwent surgeries to repair his shoulders and knees and underwent a course of physical therapy.

34.     Defendants GERARDO PERRONE, JASON LOESCH, SEAN RIKER, and JOHN and JANE DOE 1 through 10 either participated in each of the above acts of misconduct, or were present during or aware of said acts, but failed to intervene despite a meaningful opportunity to do so.

35.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiff due to his race and/or nationality.

36.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs

Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the proper use force, the requirements to detain individuals, disproportionately assault and falsely arrest individual due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification.

37.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

38.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

<u>**Federal Claims**</u>

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(Deprivation of Rights Under 42 U.S.C. § 1983)</u>

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

6

42.     All of the aforementioned acts deprived plaintiff GABRIEL ESPINOZA, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants arrested plaintiff GABRIEL ESPINOZA without probable cause,

causing him to be detained against his will for an extended period of time and subjected to physical restraints.

49.     Defendants caused plaintiff GABRIEL ESPINOZA to be falsely arrested.

50.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff GABRIEL ESPINOZA'S constitutional rights.

53.     As a result of the aforementioned conduct of defendants, plaintiff GABRIEL ESPINOZA was subjected to excessive force and sustained physical pain and suffering and emotional injuries.

54.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants had an affirmative duty to intervene on behalf of plaintiff GABRIEL ESPINOZA, whose constitutional rights were being violated in their presence by other officers.

57.     The defendants failed to intervene to prevent the unlawful conduct described herein.

58.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to excessive force.

59.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

62.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA was deprived of his

9

liberty and right to substantive due process, causing emotional and physical pain and suffering.

63.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The defendants falsely arrested and subjected plaintiff GABRIEL ESPINOZA to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

66.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA was deprived of his rights under the Equal Protection Clause of the United States Constitution.

67.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

71.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting individuals to excessive force and thereafter falsely arresting individuals or otherwise engaging in falsification to cover up abuse of authority, disproportionately assaulting and falsely arresting individual due to discrimination against them based on their race and/or nationality, and engaging in a practice of falsification, as well as inadequate screening, hiring, retaining, training and supervising its employees.

74.    The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff GABRIEL ESPINOZA'S rights as described herein.  As a result of the failure of the CITY OF

NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GABRIEL ESPINOZA.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GABRIEL ESPINOZA as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff GABRIEL ESPINOZA as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff GABRIEL ESPINOZA was unlawfully arrested and subjected to excessive force.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GABRIEL ESPINOZA'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff GABRIEL ESPINOZA

of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from excessive force;

      D.     To be free from the failure to intervene; and

      E.     To receive equal protection under law.

81.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

84.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.     Plaintiff has complied with all conditions precedent to maintaining the instant

action.

87.     This action falls within one or more of the exceptions as outlined in C.P.L.R.
1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendants arrested plaintiff GABRIEL ESPINOZA without probable cause.

90.     Plaintiff was detained against his will for an extended period of time.

91.     As a result of the aforementioned conduct, plaintiff GABRIEL ESPINOZA was
unlawfully imprisoned in violation of the laws of the State of New York.

92.     As a result of the aforementioned conduct, plaintiff GABRIEL ESPINOZA
suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and
loss of freedom.

93.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to
compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive
damages against the individual defendants in an amount to be fixed by a jury, plus reasonable
attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in
paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     As a result of the foregoing, plaintiff GABRIEL ESPINOZA was placed in

apprehension of imminent harmful and offensive bodily contact.

96.    As a result of defendant's conduct, plaintiff GABRIEL ESPINOZA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

98.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    Defendants made offensive contact with plaintiff without privilege or consent.

100.    As a result of defendant's conduct, plaintiff GABRIEL ESPINOZA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

15

paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

104.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

105.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

106.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff GABRIEL ESPINOZA.

107.   As a result of the aforementioned conduct, plaintiff GABRIEL ESPINOZA suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

108.   As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

109.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the arrest of plaintiff GABRIEL ESPINOZA

111.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

112.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through 112" with the same force and effect as if fully set forth herein.

114.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff GABRIEL ESPINOZA.

115.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth

17

herein.

117. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118. As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

119. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121. As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

18

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    As a result of defendants' conduct, plaintiff GABRIEL ESPINOZA was deprived of his right to equal protection of laws.

124.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    As a result of defendants' conduct, plaintiff GABRIEL ESPINOZA was deprived of his right to security against unreasonable searches, seizures, and interceptions.

127.    As a result of the foregoing, plaintiff GABRIEL ESPINOZA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GABRIEL ESPINOZA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
August 4, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff GABRIEL ESPINOZA
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

GABRIEL ESPINOZA,

                                        Plaintiff,

                                                                    13 CV 1374
            -against-                                               (ILG) (MDG)

CITY OF NEW YORK, GERARDO PERRONE, Individually,
JASON LOESCH, Individually, SEAN RIKER, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100